United States District Court
for the
Southern District of Florida

| US Bank, | ) |
|---|---|
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) Civil Action No. 18-cv-23446 Scola |
| Tonnie Steen, | ) |
| Defendant. | ) |
| | ) |

## **Order on Motion for Clarification**

This matter is before the Court Defendant Tonnie Steen's ("Steen") motion for clarification. Steen removed this state court foreclosure proceeding on August 24, 2018. (ECF No. 1.) The limited state court record provided to the Court revealed that a final judgment of foreclosure was entered by the state court on July 9, 2018, (ECF No. 1-1 at 3), and that a mortgage foreclosure sale of the subject property was set to occur on September 12, 2018. (*Id.* at 11.) Steen did not file a notice of removal in this Court. However, the civil filing sheet indicated that removal was based on federal diversity jurisdiction. (ECF No. 1.)

As the removing party, Steen carried the burden of establishing federal jurisdiction. *Williams v. Best Buy, Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). Steen did not set forth any allegations of the parties' citizenship, and the Court consequently could not discern whether federal jurisdiction existed over the case. Accordingly, Steen was ordered to file a notice of removal by August 28, 2018, adequately setting forth the parties' citizenship, the amount in controversy, and otherwise establishing the existence of federal jurisdiction. (ECF No. 5); *see also Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). That order warned that failure to timely file the required notice of removal would "result in the case being remanded to the state court without further notice." (ECF No. 5.) Steen did not file a notice of removal by that date. Thus, he did not meet his burden of establishing federal subject matter jurisdiction in this case, and Court remanded the action to the Florida state court and closed the case. (ECF No. 6.)

Now, Steen moves for clarification of the order requiring an amended notice of removal. (ECF No. 10.) In the motion, Steen states that he explained the parties' citizenship and amount in controversy to the best of his abilities, concludes the parties' citizenship is diverse, and requests both a copy of the

order of remand and reconsideration of that order. (*Id.*) Steen then signs the motion, listing an address in Miami-Dade County, Florida.

The Court finds that Steen's submission still fails to factually allege the parties' citizenship. Further, it appears that removal of this case was improper under the forum-defendant rule, as the motion indicates that Steen resides in Miami-Dade County and a case is not removable where a defendant "is a citizen of the State in which such action is brought." *Goodwin v. Reynolds*, 757 F.3d 1216, 1216 (11th Cir. 2014); 29 U.S.C. § 1441(b)(2). Thus, the motion for clarification (ECF No. 10) is **denied.** The Clerk is directed to **mail** a copy of this order and ECF Nos. 5, 6, 7, and 9 to Steen at the address listed below.

**Done and ordered** in chambers in Miami, Florida on October 3, 2018.

_____
Robert N. Scola, Jr.
United States District Judge


*Copies to*:

Tonnie Steen
1015 NW 59th Street
Miami, Florida 33127